IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER DESHANE BENOMAN                                    PETITIONER

VS.                                        CIVIL ACTION NO. 3:15cv531-DPJ-FKB

JOHNNY CROCKETT                                                 RESPONDENT

## REPORT AND RECOMMENDATION

This is an action filed by Christopher Deshane Benoman, a state prisoner, for federal habeas relief pursuant to 28 U.S.C. § 2254.  Presently before the Court is Respondent's motion [13] to dismiss the petition as untimely.  Benoman has not responded to the motion.[1]  Having considered the motion, the undersigned recommends that the motion be granted and the petition be dismissed with prejudice.

On November 4, 2009, Benoman entered guilty pleas in the Circuit Court of Lauderdale County to two counts of the lustful touching of a child.   He was sentenced to a term of 15 years on each count, with the 15 years suspended, and five years of post-release supervision, the sentences to run concurrently.  Benoman's post-release supervision was revoked on February 20, 2013, and he was ordered to serve his original 15-year sentences.  In his present petition, Benoman challenges his convictions and sentences.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under section 2254:

---

[1]Subsequent to the filing of the motion to dismiss, Benoman filed a lengthy memorandum. [18-1].  The memorandum addresses the merits of his petition, not its timeliness.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Benoman's convictions became final on the day he was sentenced. He had one year from that date, or until November 4, 2010, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief was pending in the state court. Benoman failed to file a post-conviction relief motion on or before November 4, 2010.[2] Thus, his one year expired on that date. He filed his

---

[2] Benoman filed a motion for post-conviction relief on March 17, 2014. It was dismissed on July 23, 2014, and the dismissal was affirmed on June 23, 2015. He states in a recent filing that he filed a second such motion in December of 2015. Because his one-year period for seeking federal relief had already expired by the

petition with this court on or after July 20, 2015.[3]  Therefore, his habeas petition is untimely by over four years.

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 19th day of May, 2016.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

time he filed these motions, the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) are inapplicable.

[3]Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court.  *Coleman v. Johnson*, 184 F.3d 401, 196 F.3d 1259 (5th Cir. 1999). Thus, Benoman's petition was "filed" sometime between the date it was signed, July 20, 2015, and the date it was received and filed by the district court, July 27, 2015.