UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER BENOMAN                                                         PETITIONER

V.                                                       CIVIL ACTION NO. 3:15cv531 DPJ-FKB

JOHNNY CROCKETT                                                             RESPONDENT

ORDER

This habeas petition is before the Court on the Report and Recommendation [19] of Magistrate Judge F. Keith Ball.  Judge Ball recommended dismissal of the petition as untimely. Petitioner responded by filing a "Motion to Vacate for Timeliness" [20], which the Court construes has an Objection.  Crockett responded [22] in opposition.  The Court, having considered the parties' filings, finds that the Report and Recommendation [19] should be adopted as the Court's opinion.

On November 4, 2009, Benoman entered two guilty pleas on two counts of the lustful touching of a child and was sentenced to 15 years on each count.  Under each plea, the court suspended all 15 years of incarceration and gave him 5 years of supervised probation.  On February 20, 2013, Benoman's probation was revoked for driving under the influence and testing positive for marijuana.  He is currently incarcerated, serving the original 15-year sentences concurrently, and now challenges his original convictions and sentences.

Because there is no direct appeal from a guilty plea, Benoman's judgments became final on November 4, 2009.  Under the Anti-Terrorism and Effective Death Penalty Act of 1996

(AEDPA), Benoman had one year from that date to file for federal habeas relief. 28 U.S.C. §§ 2244(d), 2254. His habeas petition, filed July 20, 2015, is untimely.[1]

In his Objection, Benoman alleges that he was unaware of the limitations period and that he was mentally ill at the time of his plea. Neither argument is compelling. First, he claims that he was not aware of limitations period and that his attorney did not tell him, but "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *see Fiero v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ("[W]e have made it clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.").[2]

Second, mental incompetence may support equitable tolling, but a petitioner must "sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights." *Smith v. Johnson*, 247 F.3d 240, *3 (5th Cir. 2001). Here, Benoman offers only conclusory allegations regarding his mental illness. *See Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008) ("Smith also makes purely conclusory allegations regarding his mental illness. Although he states he has been diagnosed with 'severe psychotic and/or schizophrenia [sic] tendencies,' he nowhere explains how this prevented him from pursuing his legal rights."). Moreover, during the plea colloquy, Benoman confirmed that he had been diagnosed in the past

---

[1]The AEDPA limitations period is tolled during the pendency of a properly filed state application for post-conviction relief. *Id.* § 2244(d). But Benoman's only motion for state post-conviction relief was filed March 17, 2014, after the probation revocation and after the deadline for pursuing federal habeas relief.

[2]Because Benoman was not in state custody at any relevant time, a state-created-impediment argument is inapplicable. Nothing prevented Benoman—a free man—from researching his legal options.

with bipolar disorder and manic-depressive type behavior, but that those condition were "under control" and "no longer affecting" him.  Transcript [13-2] at 12.  The judge then noted that Benoman "appear[ed] perfectly lucid and appropriate in [his] responses," *id.*, and ultimately confirmed this assessment with Benoman's attorney.  *Id.*  Benoman has not shown that he is entitled to tolling of the filing deadline.  *See Smith*, 301 F. App'x at 377 (noting that petitioner "bears the burden of proving 'rare and exceptional circumstances' justifying such tolling") (quoting *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002)).

It appears, as Respondent notes, that Benoman merely waited until his probation was revoked to begin pursuing his claims.  Accordingly, the Court finds that the Report and Recommendation [19] of Magistrate Judge F. Keith Ball should be adopted as the Court's opinion.  Benoman's petition is dismissed with prejudice as untimely.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 20th day of June, 2016.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE